GLENN A. PETTIS, APPELLANT, v. CORLEE A. LOZIER, APPELLEE.

290 N. W. 2d 215

Filed March 25, 1980.  No. 42646.

William E. Pfeiffer of Spielhagen, Pfeiffer, Miller & Weingarten, Associates, for appellant.

Kutak Rock & Huie, for appellee.

Heard before BOSLAUGH, McCOWN, CLINTON, and WHITE, JJ., and MARTIN, District Judge.

McCOWN, J.

The plaintiff brought this action to quiet title to certain land in Douglas County, Nebraska, based upon a claim of adverse possession.  The defendant denied the allegations of adverse possession and claimed record title under certain warranty deeds.  The District Court for Douglas County sustained the defendant's motion for summary judgment and

dismissed the plaintiff's petition.

The only evidence received at the hearing on the motion for summary judgment was the deposition of the plaintiff. That evidence and the pleadings establish that the land involved consists of approximately 8 acres of timber and grazing land located north of the city of Omaha in Douglas County, Nebraska. In January 1966, the plaintiff purchased land adjacent to the land in question. Plaintiff had a survey made at the time he purchased his property and knew that the land involved in this action was not owned by him. Plaintiff had some knowledge of adverse possession. He observed that the land appeared to be abandoned; that no one had come onto the property nor done anything to maintain or enhance it; and that brush, thickets, and trees were encroaching upon the grazing areas. He testified that he set out to acquire legal title to the property by adverse possession and that he formed the intent to obtain title to the land by means of adverse possession on August 13, 1967.

During 1966 and until August 1967, plaintiff and one Harold Halstead had used the land together. Plaintiff had grazed goats on the property, cut brush and firewood, and dumped trash in the gullies to stop erosion. Halstead had grazed horses there. Some time in 1967, plaintiff ordered Halstead off the land and Halstead complied. In October 1967, the plaintiff began referring to the land as his own. Since October 1967, plaintiff has maintained the old fences and built new fences on the property; has kept livestock on the property, including goats, horses, sheep, and some geese; and kept movable sheds on the property as livestock shelters. He has cut weeds, brush, and trees; seeded brome grass; and planted pine trees. He cut down dead trees and used the trees as firewood. He dumped trash in the gullies to stop erosion and stored and kept various vehicles on the property. He posted signs forbidding

hunting and attempted to keep trespassers off the property. Since 1973, plaintiff has kept a hive of bees on the property.

In the late 1960's, he refused a real estate agent access to the property to show it to prospective customers and told the agent the property was not for sale. In 1974, he removed "For Sale" signs which a real estate agent had placed on the property when the defendant listed the property for sale. In 1978, the plaintiff ordered a surveyor off the property when the surveyor attempted to survey the land for the defendant.

In 1973 or 1974, the plaintiff learned that the defendant was the record holder of the property involved and that the taxes were paid. The plaintiff made no attempt to communicate with the defendant, although he testified that he did not care if the defendant knew that he was claiming the property and occupying and using it. Plaintiff has never paid any taxes on the property but taxes have. been paid by the defendant.

The District Court sustained defendant's motion for summary judgment on the ground that there was no question of fact involved and that the plaintiff, as a matter of law, did not hold the property in question under a claim of ownership which was adverse to the defendant. The District Court dismissed plaintiff's petition and this appeal followed.

The only essential issue on this appeal is whether or not the plaintiff held the property in question under a claim of ownership. Plaintiff contends that he has occupied and used the property under a claim of ownership and that summary judgment should have been denied because there are issues as to material facts because the defendant has denied plaintiff's allegations of fact. The defendant, on the other hand, contends that because the plaintiff knew that the property was owned by the defendant or, at least, was not owned by the plaintiff, the plaintiff's

possession and use of the property was not under a "claim of ownership," which is one of the necessary elements to be proved in a case of adverse possession.

We believe the cases of Barnes v. Milligan, 196 Neb. 50, 241 N. W. 2d 508 (1976), and 200 Neb. 450, 264 N. W. 2d 186 (1978), are dispositive of the issues here. In both appearances of that case in this court we quoted 3 Am. Jur. 2d, Adverse Possession, § 96, p. 177: "Terms such as 'claim of right,' 'claim of title,' and 'claim of ownership,' when used in this connection, mean nothing more than the intention of the disseisor to appropriate and use the land as his own to the exclusion of all others, irrespective of any semblance or shadow of actual title or right. * * * Thus, 'claim of right' means no more than 'hostile' and if possession is hostile it is 'under a claim of right.' "

In both of the Barnes cases we quoted from Purdum v. Sherman, 163 Neb. 889, 81 N. W. 2d 331 (1957), and pointed out that adverse possession is founded upon the intent with which the occupant held possession and can best be determined by his acts.

In the first Barnes v. Milligan decision, we said: "It is the nature of the hostile possession that constitutes the warning, not the intent of the claimant when he takes possession. When, therefore, a claimant occupies the land of another by actual, open, exclusive, and continuous possession, the owner is placed on notice that his ownership is endangered and unless he takes proper action within 10 years to protect himself, he is barred from action thereafter and the title of the claimant is complete." (Quoting Purdum v. Sherman, *supra.*)

The record at this stage in the case now before us establishes an intention to appropriate and use the land as plaintiff's own, and establishes a "claim of ownership" which was adverse to the defendant. Adverse possession does not depend upon the remote

motives or purposes of the occupant, nor upon whether his motivation is guilty or innocent. 3 Am. Jur. 2d, Adverse Possession, § 104, p. 188. This court expressed the same thought in an early case. See Fitzgerald v. Brewster, 31 Neb. 51, 47 N. W. 475 (1890).

One who claims title by adverse possession must prove by a preponderance of the evidence that he has been in actual, continuous, exclusive, notorious, and adverse possession under claim of ownership for a full period of 10 years. "Claim of right" or "of ownership" means "hostile" and these terms describe the same element of adverse possession. Barnes v. Milligan, 200 Neb. 450, 264 N. W. 2d 186 (1978).

The moving party is not entitled to summary judgment except where there exists no genuine issue as to any material fact and where, under the facts, he is entitled to judgment as a matter of law. Upon a motion for summary judgment the court examines the evidence, not to decide any issue of fact, but to discover if any real issue of fact exists. Barnes v. Milligan, 196 Neb. 50, 241 N. W. 2d 508 (1976).

REVERSED AND REMANDED.